## FRANCIS X. AUBRY *v.* JOSEPH NANGLE.

REVERSAL BY THE LATE SUPERIOR COURT BINDING.—A judgment of the superior court established under the "Kearny Code" reversing a decision of the circuit court in favor of the plaintiff in an attachment suit upon a preliminary issue, joined by plea to the affidavit, and granting a new trial of such issue, is binding on the territorial district court to which the cause is afterwards transferred, and such preliminary issue must be retried before the court can proceed to a trial on the merits.

VOLUNTARY APPEARANCE, EFFECT OF.—A voluntary appearance by a defendant cures irregularities in obtaining jurisdiction.

APPEAL from the first judicial district court for Santa Fe county.    The opinion states the case.

*Smith and Tompkins,* for the appellant.

*Ashurst, Wheaton and Watts,* for the appellee.

By Court, DEAVENPORT, C. J.:

This was an action of attachment, instituted by F. X. Aubry against Joseph Nangle, in the circuit court of Santa Fe county, on the twenty-eighth day of June, 1849. Petition, bond, and affidavit were filed by plaintiff, and at the October term of said court, 1849, the defendant appeared, pleaded, and put in issue the truth of the affidavit upon which the writ of attachment had been sued out. Upon this issue a trial was had, which resulted in a verdict for plaintiff, which defendant sought to set aside by his motion for a new trial, which being overruled by the court, he excepted, embodied the testimony and instructions given by the court in a bill of exceptions, and prayed an appeal to the superior court of the territory, which was granted. The judgment of the court below upon the preliminary plea was by the superior court reversed, and the cause remanded, giving the defendant a new trial upon said plea. At the June term of the circuit court for Santa Fe county, 1850, an order was made changing the venue of said cause from said circuit court to the circuit court for Rio Arriba county. Afterwards, said cause, being so transferred, appears to have been dismissed in the Rio Arriba county circuit court, as evidenced by affidavits made in the district court for Rio Arriba county, at the September term there of 1851. These affidavits constituted the basis of a motion to reinstate said cause upon the docket, alleging that it had been improperly dismissed from the circuit court of Rio Arriba county. The court refused to reinstate said cause, but made an order directing the papers in said cause, with a transcript of the proceedings in that court, to be sent to the clerk of the circuit court for Santa Fe county, and further adjudged that the costs of said motion and transcript be taxed against the plaintiff. At the September term of the district court

for Santa Fe county, 1851, the plaintiff moved the court to have the papers in said cause filed and the case put upon its docket, which was accordingly done.   Affidavit was also made that defendant was absent from the territory.   An order of publication was made, and the case continued.   At the March term of said court, 1852, defendant appeared, and moved to quash the writ of attachment, which motion the court overruled, and the cause was continued.   At the next term of the court the defendant moved to set aside the order of publication, which was also overruled, and the case continued.   The plaintiff, at the September term of the court, 1852, moved the court for a judgment against defendant, because the defendant had failed to plead to the merits of said action, which the court overruled, imposing terms upon the defendant to plead in a specified time.   Under this ruling of the court, defendant put in these pleas: 1. The general issue; 2. That the promissory note sued on was obtained by fraud; 3. Failure of consideration—to each of which plaintiff replied, and said cause was continued.

At the March term, 1853, of said court, a trial was had upon the issues joined, and a verdict rendered for plaintiff. Whereupon the defendant moved for a new trial, and also in arrest of judgment; both of which two motions being overruled by the court, exceptions were taken, an appeal prayed for and granted, and the cause brought to this court for revision.   In this court ten grounds of error are assigned, the first five of which will be treated of under one head, as they all relate to the trial of this cause upon the preliminary plea, putting in issue the truth of the affidavit in the circuit court, and before this cause was taken by appeal to the superior court, established under the Kearny code.   If the district courts established under the organic law, recognized the circuit courts, deriving their existence under the Kearny code, they were equally bound to recognize the decisions of the superior court created by the same authority.   This superior court did revise and reverse the judgment of the circuit court, upon the preliminary plea, remanding said cause back to the circuit court of Santa Fe county,

and granting a new trial to defendant upon said plea. The cause, by virtue of this reversal, stood as if such issue had never been tried. The fact of this case being transferred from the circuit court to the district court did not change its condition. It was error in the district court below not to allow the defendant a trial upon this preliminary plea, and for this reason the cause must be reversed. It is true that appeals are not often allowed from interlocutory judgments. But it is not the province of inferior tribunals to exercise appellate powers over the decisions of superior courts. There are five other grounds of error assigned, which involve the construction to be given to what is called the transfer act, passed by the territorial legislature, approved fourteenth of July, 1851. We do not conceive it important, as it is understood by the court that there are not now any cases pending in the courts of the territory which fall under the provisions, to construe it. Had not defendant appeared after publication made in the district court, the question of the legality of the transfer of this case from the circuit to the district court would have been fully discussed. But his appearance, we think, cures whatever irregularities may have occurred. By virtue of his appearance, the district court obtained jurisdiction over the case, but it was bound to receive it just as it stood in the circuit court. In the circuit court, it stood for trial on the preliminary plea, putting in issue the truth of the affidavit. That issue has never been tried, and the defendant is entitled to his trial on that before he shall be compelled to plead to the merits.

MR. JUSTICE WATTS delivered a separate opinion, favoring a reversal on the same grounds.

Judgment reversed.